Opinion of the CouRT.
THIS was a petition and summons, brought by Chambers against Agnes Simpson, as administratrix of John Simpson, upon a note for $200, payable three years after date, executed by the intestate in his lifetime, to Chambers.
The defendant, in several pleas, alleged, in various forms, that the consideration of the note was a gaming one; and the plaintiff, by his replication, traversed the consideration alleged, and issues were thereupon joined to the country. On the trial of the issues, the defendant., after having given evidence conducing to show that the note had been given for a gaming consideration, offered to prove by a witness that the plaintiff’s general character was that of a gambler; to which the plaintiff objected, but the court overruled the objection and permitted the witness to slate, that from his own knowledge, the plaintiff was a gambler, and the plaintiff excepted. The jury found a verdict for the defendant, and the plaintiff moved for a new trial; but the court overruled the motion, to which the plaintiff excepted; and a judgment being rendered upon the verdict, he appealed to this court.
When the issue is, wheih-eij °was |amblinga consideration jence that" t|ie paye'e in the note had the general a gambler,0is inadmissible,
But evidence that he was in bler,isadmis-sibK
1. The first question grows out of the exception to the admission of the evidence permitted by the circuit 'court to be given on the part of the defendant. It is undoubtedly an established rule, that the general character of a party to a civil suit, cannot be given in evidence, unless the general character be involved in the issue. But we do not understand, from the manner in which the decision of the court is stated in the bill of exceptions, that evidence of the general character of the plaintiff’s being a gambler, was admitted. On the contrary, we understand that the court only permitted the witness to state, that, from his own knowledge, the plaintiff was a gambler. Now, the fact of his being a gambler, and his having a general character of being a gambler, are distinct things. A man may, in fact, be a gambler, without having acquired a general character of being so; and he may, some times, of which illustrious examples might be given, acquire a general character of being a gambler, when, in truth, he is not a gambler
2. Although evidence, therefore, of the plaintiff's general character of being a gambler, would be improper, it does not follow, that proof of the fact of his being a gambler, was inadmissible, If, indeed, the fact were wholly immaterial and irrelevant to the point in issue, evidence of it would be inadmissible, as evidence of anyother fact of a like character would be. But we cannot deem the fact to be of that character; for it would most obviously tend to illustrate and td fortify the other circumstances proved, conducing to establish the point in issue. There is no error, therefore, in the admission of the evidence excepted to by .the plaintiff
The only other question in the case, relates to the refusal of the circuit court to grant a new trial. This question, after the reiterated decisions of this court on like cases, is hardly worth noticing. Without stating the evidence, it is sufficient to remark, that it is most clearly of a character that would not warrant this court, in opposition to the opinion of the circuit court, in granting a new trial.
The judgment must be affirmed with costs.